**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE,**
Plaintiff,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Defendants,

and Everts' Commercial Transport, Inc., Pacific Truck Service, Inc., Asbury Transportation Co., Acme Transportation, Inc., and Inland Transportation Co., Inc., Intervening Defendants.

No. 42256.

United States District Court
N. D. California, S. D.

Dec. 7, 1964.

W. J. Hickey, San Francisco, Cal., and Wm. B. Adams, Portland, Or., for plaintiff.

Francis A. Silver and Wm. L. Harrison, I. C. C., Washington, D. C., for defendants.

Marshall G. Berol, San Francisco, Cal., Earle V. White, Portland, Or., for intervening defendants.

Before BONE, Circuit Judge, and WOLLENBERG and BURKE, District Judges.

PER CURIAM.

Plaintiff seeks to have this Court set aside and annul two orders of the Interstate Commerce Commission dated respectively July 27, 1959 and August 15, 1963. It argues that the determination by the Commission that it could no longer

transport chemicals derived from petroleum "was arbitrary, capricious and constituted a partial revocation of plaintiff's authority contrary to the applicable law."

After a careful review of the record herein this Court has concluded that it cannot agree with plaintiff. Plaintiff's authority was to transport general commodities "except liquid petroleum products, in bulk, in tank trucks." Plaintiff has not established that the exception contains a patent ambiguity, that there was any uncertainty as to its meaning when it was formulated nor that the words have a specialized usage in the trade.

■ The plain meaning of the words, including various dictionary and professional reference definitions, includes petrochemicals. Prior to the issuance of plaintiff's authority the Commission had devoted much thought to the relevant terminology. See Classification of Motor Carriers of Property, 2 M.C.C. 703. The evidence presented by plaintiff to establish that in the trade the exception was interpreted to exclude petrochemicals,

was considered and rejected by the Commission. There was substantial other evidence in the record to sustain the finding of the Commission and under such circumstances it is not within the province of this Court to upset such a finding.

■■ The Commission's determination that plaintiff must cease transporting chemicals derived from petroleum was therefore clearly not arbitrary or capricious and did not in any way constitute a partial revocation of plaintiff's authority. Since plaintiff had never had any authority to transport such petrochemicals its request for modification or extension of its authority was based almost wholly on some sort of prescriptive argument flowing from its transportation of petrochemicals in excess of its authority. In the absence of an effective showing of public convenience and necessity, the denial of additional authority by the Commission was clearly correct.

Accordingly, the orders of the Interstate Commerce Commission are affirmed and the complaint is dismissed.